IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WEIS, #Y44990, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-01043-JPG |
| | ) |
| KARI SHIPLEY, | ) |
| RYAN JONES, and | ) |
| GRANITE CITY, IL POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Michael Weis, an inmate at Madison County Jail, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was denied the right to contact a family member and/or attorney by phone after he was taken into custody at Granite City Police Department from March 21-23, 2017. (Doc. 1, pp. 1-12). Plaintiff brings a claim against the defendants for violating his right to due process of law under the Fourteenth Amendment and his right to family and attorney contact following his arrest under now-repealed 725 ILCS § 5/103-3.[1] (*Id*.). He seeks money damages and injunctive relief.[2] (*Id*. at 7). Because Plaintiff's federal constitutional claim is obviously time-barred, the Complaint and this action shall be **DISMISSED with prejudice.**

---

[1] This statute was repealed by P.A. 102-694, § 25, eff. Jan. 7, 2022.
[2] Plaintiff's request for injunctive relief against Granite City Police Department is **MOOT** because he is no longer in the custody of Granite City Police Department and does not plan to return. "If a prisoner seeking injunctive relief for conditions of confinement at a particular prison is transferred without a realistic possibility of return, then his request for relief becomes moot." *Tolentino v. Baker*, 679 F. App'x 503 (7th Cir. 2017); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).

1

Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff sets forth the following allegations in the Complaint he filed on May 18, 2022 (Doc. 1, pp. 1-12): On March 21, 2017, Plaintiff was arrested and booked by Granite City Police Department. He remained in custody for two days, until his father bailed him out of jail on March 23, 2017. In the interim, Defendants infringed on Plaintiff's right to phone his family and/or attorney, which he claims is guaranteed by now-repealed 725 ILCS § 5/103-3 and the Fourteenth Amendment Due Process Clause.

On March 21, 2017, Plaintiff used the telephone on the wall of his holding cell to contact his father. After only sixty seconds, the call was terminated. Plaintiff requested additional time and opportunity to contact his father to discuss his need for an attorney. Dispatcher Kari Shipley informed him that the phone was disabled pursuant to orders from Granite City Police detectives.

On March 22, 2017, Detective Donahey convinced Plaintiff to surrender the pin number for his cellular phone. Detectives Bastilla and Shulz then issued *Miranda* warnings and interviewed Plaintiff. At the end of the interview, Plaintiff was charged with three (3) Class 1 felonies and two (2) Class 2 felonies. He then requested an attorney and received his still-deactivated cell phone.

On January 29, 2019, Plaintiff filed a motion to suppress evidence obtained by Granite City Police in Madison County Criminal Case No. 17-CF-325. Judge Knapp heard the motion on March 13, 2019. Plaintiff testified that his phone was deactivated on March 21, 2017. Shipley testified that she deactivated the phone in response to orders from the detectives. Plaintiff's father testified that he was in the process of telling Plaintiff that he had already retained defense counsel to represent him when the phone call abruptly ended. (*Id.*).

## Discussion

Based on the allegations summarized above, the Court finds it convenient to designate two claims in the *pro se* Complaint:

**Count 1:** Fourteenth Amendment due process claim against Defendants for denying Plaintiff access to phone contact with his family and/or counsel from March 21-23, 2017.

**Count 2:** Illinois state law claim against Defendants for denying Plaintiff access to phone contact with his family and/or counsel from March 21-23, 2017, in violation of now-repealed 725 ILCS § 5/103-3.

**Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

## Count 1

The federal constitutional claim is time-barred. Section 1983 contains no statute of limitations. *See* 42 U.S.C. § 1983; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The court instead borrows the statute of limitations for personal injury actions from the state where the alleged injury occurred. *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019) (citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000)). Plaintiff's injury occurred in Illinois. Therefore, the Court looks to Illinois state law for the applicable statute of

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

limitations for this claim.  Under Illinois law, a two-year statute of limitations applies to personal injury claims.  735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017).

Plaintiff was required to bring suit within two years of his injury.  According to the allegations set forth in the Complaint, Plaintiff's injury occurred on March 21-23, 2017.  He was thus required to bring suit no later than March 2019.  He did not file this action until May 2022, more than three years after the expiration of this limitations period.  The Fourteenth Amendment due process claim against the defendants is thus time-barred.

A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is facially plausible.  *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citing *Twombly,* 550 U.S. at 570; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Mann v. Vogel,* 707 F.3d 872, 877 (7th Cir. 2013)).  The allegations must be sufficient to raise a right to relief above the speculative level.  *Id*. (citing *Twombly,* 550 U.S. at 555).  With that said, a plaintiff can plead himself out of court by setting forth factual allegations that establish he is not entitled to relief as a matter of law.  *Id*. (citing *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006)).  Thus, although a plaintiff is not required to anticipate or overcome affirmative defenses, such as those based on the statute of limitations, the district court may dismiss the complaint if a plaintiff alleges facts sufficient to establish a statute of limitations defense.  *Id*. (citing *Cancer Fndtn., Inc. v. Cerberus Capital Management, LP,* 559 F.3d 671, 674–75 (7th Cir. 2009)).

The allegations clearly show that Plaintiff brought suit well beyond the applicable two-year limitations period.  Consequently, Plaintiff has pleaded himself out of court by setting forth facts that establish that his claim is time-barred.  Accordingly, Count 1 shall be dismissed with prejudice.

### Count 2

This court's jurisdiction over the state law claim in Count 2 is conferred by 28 U.S.C. § 1367(a).  But, once a district court dismisses all claims over which it has original jurisdiction, such as Count 1 above, the court has discretion to retain jurisdiction over the supplemental claims or to dismiss them.  28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 717 (7th Cir.), *cert. denied*, 525 U.S. 870 (1998).  Typically, a district court dismisses the pendant state claim.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).  Given the dismissal of the federal claim in Count 1, this Court declines to exercise supplemental jurisdiction over the pendant state law claim in Count 2 and shall dismiss it for lack of jurisdiction.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** with prejudice.  **COUNT 1** is **DISMISSED** with prejudice because the claim is time-barred, and **COUNT 2** is **DISMISSED** without prejudice for lack of jurisdiction.  Because no other claims remain pending, the entire action is **DISMISSED** with prejudice.  If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  10/19/2022**          <u>s/J. Phil Gilbert</u>
                                **J. PHIL GILBERT**
                                **United States District Judge**